IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01926-EWN-KMT

WILLIAM B. RYBARCZYK,
JERRY V. SMITH,
NED A. CANNON, d/b/a Smith and Cannon, Attorneys at Law, an Idaho partnership, and
THOMAS L. DORAN, d/b/a The Law Office of Thomas L. Doran,

    Plaintiffs,

v.

CRAIG HOSPITAL,

    Defendant.

## ORDER

    This matter is before the court on defendant "Craig Hospital's Motion to Compel" [Doc. No. 29, filed February 27, 2008]. Plaintiffs' responded on March 17, 2008 [Doc. 42]. Further, Craig Hospital, on March 17, 2008, filed "Craig Hospital's Brief in Support of Deposing Ned A. Cannon, Esq." [Doc. No. 40] and "Craig Hospital's Brief in Opposition to Plaintiff's Request to Depose Counsel for Craig Hospital" [Doc. No. 41], which the court will construe as a Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c). Plaintiffs' filed "Plaintiffs' Briefing Regarding Prosective (sic) Depositions of R. Craig Ewing and Ned A. Cannon; and Ned A Cannon as Counsel for Plaintiffs" ("Pl. Br. re Depos."[Doc. No. 43, filed March 17, 2008]).

In Doc. No. 43 the "Plaintiffs concede that defendant has the right to take the deposition of Ned Cannon." (Pl. Br. re Depos. at 2, n. 1) Therefore, the only remaining deposition in question is whether Plaintiffs are entitled to take the deposition of R. Craig Ewing, counsel for Craig Hospital, who is not a named party to the action.

The court held a hearing on the referenced motions on Friday, March 21, 2008 and issued oral rulings after considering arguments of counsel. It is therefore

ORDERED, the defendant's Motion to Compel [Doc. No. 29] is GRANTED in part and DENIED in part as follows:

1. The defendant's motion is GRANTED with respect to Rybarczyk's Interrogatory number 3 for the reasons set forth in more detail at the motions hearing. The plaintiffs will substitute the word "claims" or "alleges" for the word "believes" in the interrogatory and will respond more fully.

2. The defendant's motion is GRANTED with respect to Rybarczyk's Interrogatory number 4 for the reasons set forth in more detail at the motions hearing. The plaintiffs will supplement their responses to include more precise information as to dollar amounts of money concerned and under which agreement the money was paid, according to plaintiffs theory of the case.

3. The defendant's motion is GRANTED with respect to Rybarczyk's Interrogatory number 5 for the reasons set forth in more detail at the motions hearing. Plaintiffs will supplement their responses to show dollar amounts of compensation and for what work the compensation was paid.

4. The defendant's motion is GRANTED with respect to Rybarczyk's Interrogatory number 5 for the reasons set forth in more detail at that hearing. Plaintiffs will supplement their responses to state what person or entity who actually made the payment the referenced attorney fees, the person to whom the money was paid, the work for which was performed for which payment was made and under what agreement, if any, or other provision of law the payment was made.

5. The defendant's motion is DENIED with respect to Rybarczyk's Request for Admission 1.

6. The defendant's motion is DENIED with respect to Rybarczyk's Request for Admission 2.

7. The defendant's motion is GRANTED in part with respect to Rybarczyk's Request for Admission 3. The plaintiffs will supplement with a more detailed response to the request, setting forth which portion of the request is admitted and which denied.

8. The defendant's motion is GRANTED in part with respect to Rybarczyk's Request for Admission 4. The plaintiffs will supplement with information responsive to the request made.

9. The defendant's motion is GRANTED with respect to Doran's Interrogatory number 4 for the reasons set forth in more detail at the motions hearing. Plaintiffs will supplement their responses to break down attorney fees due to Doran for any and all work performed on behalf of Rybarczyk. Merely stating that a percentage of any recovery of attorney fees in this action will be paid to Doran is not responsive to the question presented.

10. The defendant's motion is GRANTED with respect to Doran's Interrogatory number 5 for the reasons set forth in more detail at the motions hearing. Plaintiffs will supplement their responses.

11. The defendant's motion is DENIED in part and GRANTED in part with respect to Doran's Requests for Admission numbers 1 - 4. Plaintiffs will supplement with more specific information regarding why the requests were denied. "Please see Complaint for theories, mode and manner..." is not a sufficient response.

12. The defendant's motion is GRANTED with respect to Smith's Interrogatory number 3 for the reasons set forth in more detail at the motions hearing and herein with respect to previously addressed interrogatories. Plaintiffs will supplement their responses.

13. The defendant's motion is GRANTED with respect to Smith's Interrogatory number 4 for the reasons set forth in more detail at the motions hearing and herein with respect to previously addressed interrogatories. Plaintiffs will supplement their responses.

14. The defendant's motion is GRANTED with respect to Smith's Interrogatory number 5 for the reasons set forth in more detail at the motions hearing and herein with respect to previously addressed interrogatories. Plaintiffs will supplement their responses.

15. The defendant's motion is DENIED with respect to Smith's Interrogatory numbers 6 and 7.

16. The defendant's motion is DENIED in part and GRANTED in part with respect to Smith's Request for Admission number 1 and Interrogatory number 2. Plaintiffs will supplement

with more specific information regarding why the requests were denied.  "Please see Complaint for theories, mode and manner..." is not a sufficient response.

17. The defendant's motion is GRANTED with respect to Smith's Request for Production of Documents No. 10 to the extent that the documents relate to work performed on behalf of Rybarczyk in any matter.

18. The defendant's motion is GRANTED with respect to Smith's Request for Production of Documents No. 11.

Further, the court heard argument and read the briefs concerning plaintiffs' request to take the deposition of R. Craig Ewing, attorney for Craig Hospital.  Fed.R.Civ.P. § 26(c) provides that a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had."   Rule 26(c) is broader in scope than the attorney work product rule, attorney-client privilege, and other evidentiary privileges because it is designed to prevent discovery from causing annoyance, embarrassment, oppression, undue burden or expense not just to protect confidential communications.  *Boughton v. Cotter Corp.*, 65 F.3d 823,  830 (10th Cir. 1995).

> The Tenth Circuit has stated
>
> Depositions of opposing counsel should be limited to where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Boughton* at 829 (quoting of *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986)). As Senior District Judge Weinshienk stated, "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Id. See also, Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001).

The existence or non-existence of an agreement by Craig Hospital to pay litigation costs incurred in perfecting its Hospital Lien with respect to claims of Plaintiff Rybarczyk is one of the core issues in this litigation. Plaintiffs contend R. Craig Ewing could testify about certain conversations or documents which occurred at or near the time the Hospital Lien was initially drafted. Mr. Ewing has stated on the record that he will not be a witness on behalf of the defendant, Craig Hospital, as to these events.

Plaintiffs admit they have not fully explored through discovery the matters about which they wish to inquire of defendant's counsel to determine if they can meet the *Shelton* criteria should they wish Mr. Ewing to be a witness on behalf of the plaintiffs.

Therefore, the court finds the plaintiffs have not shown that the information they seek could not be obtained elsewhere and that the information sought is not privileged. Pursuant to Fed. R. Civ. P. 26(c), it is hereby

ORDERED the plaintiffs are prohibited from noticing the deposition of R. Craig Ewing. This protective order is entered without prejudice to re-raise the issue should more information

be developed by the plaintiffs or should Mr. Ewing advise that, contrary to his statements at the hearing, he does intend to become a witness on behalf of Craig Hospital.

Dated this 26th day of March, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge